Battle, J.
 

 "VVe are clearly of opinion that the bill cannot be sustained, because it seeks relief in relation to one article of property, only, belonging to the estate of a decedent without calling for a general account and settlement of the estate. In-the case of
 
 Baird
 
 v.
 
 Baird,
 
 1 Dev. and Bat. Eq. 524, it was decided that one partner cannot demand an account in respect of particular items, and a division of particular parts of the property, but the account must necessarily embrace every thing connected with the partnership. The reason is obvious, that it would otherwise be impossible to do complete jus
 
 *124
 
 tice between the partners. The same reason applies with equal force with regard to the settlement of the estate of a deceased person. One of the next of kin or the-person claiming his interest, cannot call for a settlement with respect to a part of the assets, only, without having a full account of the whole estate; otherwise it cannot be seen what are the rights of the parties, in relation to any particular part of the estate, and the administrator might be harrassed by a multiplicity of suits instead of having the respective interests of all the parties ascertained and adjusted in one, only.’ To a bill for a general account and settlement of the estate of John Bell, senior, the personal representative of his widow as w'ell as the next of kin or their representatives, would be necessary parties, and the necessity of making them such, cannot be avoided by filing a bill only for a partial settlement. The demurrer must be sustained and the bill dismissed, and in doing this, it is unnecessary for us to notice particularly the fact, that one of the plaintiffs, to wit, Gr. M. King, does not seem, according to his own allegations, to have any interest in the subject-matter of the suit; on which account, also, the bill seems to be demurrable. See Edwards on Parties, 229:
 
 Cuff
 
 v.
 
 Platell,
 
 4 Russ. 242; 3 Eng. Con. Ch. Rep. 651.
 

 Pee. Coei am, Bill dismissed.